UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:25-CR-1-REW-EBA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| TERRY L. MELVIN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 7 (Minute Entry), United States Magistrate Judge Edward B. Atkins recommended that the undersigned accept Defendant Terry L. Melvin's guilty plea and adjudge him guilty of Counts One and Two of the Information (DE 6). *See* DE 12 (Recommendation); *see also* DE 10 (Plea Agreement); DE 8 (Waiver of Indictment). Judge Atkins expressly informed Melvin of his right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 12 at 2. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 12, **ACCEPTS** Melvin's guilty plea, and **ADJUDGES** Melvin guilty of Counts One and Two of the Information.

2. The Court will issue a separate sentencing order.[1]

This the 30th day of January, 2025.

Signed By:
*Robert E. Wier* /REW/
United States District Judge

---

[1] Subject to intervening orders, Melvin will remain on bond pending sentencing, preserving his status following Judge Atkins's order setting conditions of release. *See* DE 11. This, per the Government's posture at least, may not be a mandatory detention case under 18 U.S.C. § 3143, and (per the parties' positions and Judge Atkins's processing, under the Plea Agreement) Melvin will remain under the DE 11 release terms pending sentencing, absent an intervening order. This will bear closer scrutiny at the time of sentencing.